UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------X

In re:                                    CV-06-2958 (CPS)
Eric Ellenhorn a/k/a Eric Lee
Ellenhorn,

                          Debtor.         Chapter 7
                                          Case No.
------------------------------------X     1-06-40818-608

R. Kenneth Barnard, Esq., Trustee of
the Estate of Eric L. Ellenhorn,

                                          Adv. Proc. No.
                          Plaintiff,      1-06-01277-608

          - against -

The EE I Residence Trust, Eric            MEMORANDUM OPINION
Ellenhorn, as Trustee of the EE I         AND ORDER
Residence Trust, Robert M. Hebble, as
Trustee of the EE I Residence Trust,
Howard W. Muchnick, as Trustee of the
EE I Residence Trust, Vanita Ellenhorn,
and Zachary and Zoie Ellenhorn, the last
two names being the two minor children
of Eric Ellenhorn and Vanita Ellenhorn
and the potential beneficiaries of the
EE I Residence Trust,

                          Defendants.

------------------------------------X


SIFTON, Senior Judge.

        Plaintiff, R. Kenneth Barnard, Bankruptcy Trustee of the

estate of Eric Lee Ellenhorn, commenced this action by filing a

complaint in United States Bankruptcy Court for the Eastern

District of New York against defendants EE I Residence Trust,

Eric Ellenhorn, as Trustee of the Trust, Robert M. Hebble, as

Trustee of the Trust, Howard W. Muchnick, as Trustee of the

Trust, Vanita Ellenhorn, and Zachary Ellenhorn and Zoe Ellenhorn,
the children of Vanita and Eric Ellenhorn and potential
beneficiaries of the Trust.  Barnard sought to have the Trust
declared the alter ego of Eric Ellenhorn and to be given the
authority to sell property owned by the Trust as part of the
Bankruptcy Estate.  Presently before the Court is a motion for
withdrawal of reference pursuant to 28 U.S.C. § 157(d) and Rule
5011 of the Federal Rules of Bankruptcy Procedure brought by
defendants EE I Residence Trust and Eric Ellenhorn.  For the
reasons set forth below, defendants' motion is denied without
prejudice.

## BACKGROUND

The following facts are drawn from the parties' pleadings
and submissions in connection with the present motion and are
undisputed except as noted.

On July 2, 2001, Eric Lee Ellenhorn ("Debtor") formed the EE
I Residence Trust ("Trust"), whose initial Trustees were Debtor
and Robert M. Hebble.  The Trust then purchased property at 6
Eagle Close, Quogue, New York ("Quogue residence") for $553,000,
$456,000 of which was financed by a mortgage from Citibank
("Mortgagee"), under which Debtor, individually and as a Trustee,

- 3 -

and Hebble, as a Trustee, were the designated borrowers. Debtor remained personally liable for the debt. The Trust Agreement provided, among other things, that Debtor would retain exclusive use of the residence, rent free, until the earlier of his death or twenty years from the date of the agreement and that, if the property was sold, Debtor would receive an annuity for the life of the Trust. If Debtor survived for more than twenty years from the date of the agreement, the Trust was to be distributed to his children. However, if Debtor died before the completion of that term, the Trust would be distributed to representatives of Debtor's estate. Debtor and his two children, Zachary and Zoie, currently live in the Quogue residence.

On October 20, 2004, Debtor filed for bankruptcy protection under Chapter 7 of Title 11 of the United States Code. R. Kenneth Barnard ("Bankruptcy Trustee") was appointed the Bankruptcy Trustee of the estate.

To resolve their ongoing matrimonial litigation, Debtor and Vanita Ellenhorn, his wife at the time, entered into a Stipulation of Settlement in state court ("Stipulation") on November 9, 2004. In that Stipulation, Debtor agreed to transfer the Quogue residence to Vanita so that it could be sold, with Debtor receiving $40,000 from the net proceeds and Vanita

receiving the remaining proceeds from the sale. The state court
entered a judgment of divorce incorporating the Stipulation on
January 24, 2006. The property was never sold and in May 2006,
Debtor requested that the Settlement be vacated as having
violated the automatic stay provisions of 11 U.S.C. § 362. On
June 22, 2006, the state court denied Debtor's motion. An order
to this effect has not yet been signed.

On August 16, 2005, Mortgagee commenced a foreclosure action
against the Quogue residence. The state court issued a Decision
and Order on April 20, 2006 granting summary judgment against
Debtor and appointing a referee to ascertain the amount due
Mortgagee. A judgment of foreclosure has not yet been entered.

On May 4, 2006, Bankruptcy Trustee commenced an adversary
proceeding in the United States Bankruptcy Court for the Eastern
District of New York against the Trust, the Trustees and
Beneficiaries of the Trust, and Vanita Ellenhorn. The complaint
contains three claims for relief seeking: (1) declaratory
judgment that the Trust is the alter ego of Debtor and that
ownership of the property held by the Trust is therefore legally
and equitably vested in Bankruptcy Trustee; (2) judgment
authorizing and directing Bankruptcy Trustee to sell the property
and a determination of defendants' interests in the proceeds from

that sale; and (3) entry of an order pursuant to 11 U.S.C. § 541 and § 542 declaring the real property held by the Trust to be the property of the Bankruptcy Estate, directing the immediate turnover of that property to Bankruptcy Trustee, authorizing Bankruptcy Trustee to sell that property, and an ordering an accounting of the use and disbursement of the property held by the Trust.

The Trust and Debtor have served an answer to the complaint, in which they demand a jury trial. The Trust and Debtor now move to have the adversary proceeding withdrawn from bankruptcy court and proceed as a jury trial in federal district court.

## DISCUSSION

In relevant part, 28 U.S.C. § 157 states:

(d) The district court may withdraw, in whole or in part, any case or proceeding referred under this section, on its own motion or on timely motion of any party, for cause shown. The district court shall, on timely motion of a party, so withdraw a proceeding if the court determines that resolution of the proceeding requires consideration of both title 11 and other laws of the United States regulating organizations or activities affecting interstate commerce.

(e) If the right to a jury trial applies in a proceeding that may be heard under this section by a bankruptcy judge, the bankruptcy judge may conduct the jury trial if specially designated to exercise such

jurisdiction by the district court and with the express consent of all the parties.

Under § 157(e), a bankruptcy court may not hold a jury trial without the consent of the parties. *McCord v. Papantoniou*, 316 B.R. 113, 125 (E.D.N.Y. 2004). However, whether or not a party is entitled to a jury trial does not settle the question as to whether there is "cause" sufficient for a district court to withdraw the reference. In the Second Circuit, district courts analyze motions for withdrawal of reference using the following factors: "whether the claim or proceeding is core or non-core, whether it is legal or equitable, and considerations of efficiency, prevention of forum shopping, and uniformity in the administration of bankruptcy law." *McCord*, 316 B.R. at 119 (internal quotations omitted) (quoting *In re Orion Pictures Corp.*, 4 F.3d 1095, 1101 (2d Cir. 1993). Of these, the issues of core versus non-core claims and judicial economy are the most important considerations.

*Core/Non-Core*

According to *Orion*, 4 F.3d at 1101, in evaluating motions for withdrawal of reference, a court should first evaluate whether the claims in an adversary proceeding are "core" or "non-core." That determination, though not dispositive, will

influence the way a court evaluates the considerations of
efficiency and uniformity since in non-core proceedings, unless
the parties consent, bankruptcy courts may "only recommend
findings of fact and conclusions of law to the district court,"
while in core proceedings they may issue final judgments subject
to more limited review under 28 U.S.C. § 158. *McCord*, 316 B.R. at
119-120 (internal quotations omitted) (quoting *In re United
States Lines, Inc.*, 197 F.3d 631, 636 (2d Cir. 1999)).  In
addition, it is presumed that bankruptcy court will be "more
familiar with the facts and issues" of core claims than a
district court.[1] *Id*.

Courts in this circuit have defined core proceedings as
"those that are unique to or uniquely affected by the bankruptcy
proceedings, or directly affect a core bankruptcy function."
*Adelphia Communications Corp. v. Rigas*, No. 02 Civ. 8495(GBD),
2003 WL 21297258, at *2 (S.D.N.Y. June 4, 2003) (citing *In re
Petrie Retail, Inc.*, 304 F.3d 223, 229 (2d Cir. 2002)).  In
addition, 28 U.S.C. § 157(b)(2) sets forth a non-exhaustive list
of proceedings which Congress has determined to be "core" for

---

[1] Some courts have dispensed with the core/non-core step when there is a
jury demand and no consent to try the case in bankruptcy court under § 157(e)
(enacted after *Orion*) because in that case even a core issue may not be
decided in bankruptcy court, thus limiting the relevance of the distinction
with regards to motions for withdrawal. *McCord*, 316 B.R. at 119 n.7.  This
analysis is included here for the sake of completeness.  However, the Court's
decision on this matter would not be altered even if the proceedings were
determined to be non-core, given the issues of efficiency discussed *infra*.

cases under Title 11 and the Second Circuit has held that this
list is to be construed broadly. *McCord*, 316 B.R. at 120 (citing
*In re Arnold Print Works, Inc.*, 815 F.2d 165, 168 (1st Cir.
1987)).  For the purposes of this action, the list of core
proceedings in § 157(b)(2) includes "(C) orders to turn over
property of the estate" and "(N) orders approving the sale of
property."

Plaintiff Bankruptcy Trustee's requests to have the Trust
deemed the alter ego of Debtor, have the Quogue residence
declared the property of the Bankruptcy Estate and turned over to
Bankruptcy Trustee, gain authorization to sell that property, and
be granted an accounting of the use of the property "directly
affect a core bankruptcy function," as they are attempts by
Bankruptcy Trustee to account for and gain control of all the
Bankruptcy Estate's purported assets.  In addition, these claims
relate closely to "orders to turn over property of the estate"
and "orders approving the sale of property."  As such, the claims
in the adversary proceeding are plainly "core."

*Judicial Economy*

The courts in this circuit emphasize the need for efficiency
and judicial economy and are "generally unreceptive to motions to

withdraw reference where the underlying action is in its preliminary stages and is closely related to proceedings already pending in bankruptcy court." *In re Enron Corp.*, No. 04 Civ. 7693(RJH), 2004 WL 2912893, at *2 (S.D.N.Y. Dec. 14, 2004). In fact, "[c]ourts routinely deny motions to withdraw reference despite a litigant's refusal to consent to a jury trial in bankruptcy court because of prevailing concerns about judicial economy," *McCord*, 316 B.R. at 125 (citing *In re Magnesium Corp. of America*, No. 01-B-14312(REG), 2004 WL 1161172, at *2-3 (May 24, 2004)), *even when* it is expected that the action will ultimately require withdrawal to district court. *Enron Corp.*, 2004 WL 2912893, at *2. When a case is not yet "trial ready," *Magnesium Corp. of America*, 2004 WL 1161172, at *2, and significant pre-trial matters remain to be resolved which can be more efficiently handled by the bankruptcy court, with its expertise in both bankruptcy law and the facts of the particular matter, denial of a motion for withdrawal is appropriate. *Enron Corp.*, 2004 WL 2912893, at *2; *see also In re Formica Corp.*, 305 B.R. 147, 151 (S.D.N.Y. 2004); *In re Kenai Corp.*, 136 B.R. 59, 62 (S.D.N.Y. 1992). Examples of cases which are not yet ready for trial include those where there remains significant discovery to complete, *In re Enron Power Marketing, Inc.,* No. 01 Civ. 7964, 2003 WL 68036, at *11 (S.D.N.Y. Jan. 8, 2003), or where the court expects the parties to raise potentially dispositive motions

which may negate the need for a jury trial. *In re Apponline.Com., Inc.*, 303 B.R. 723, 728 (E.D.N.Y. 2004) (noting that the "matter may be resolved by dispositive motions"); *see also In re Times Circle East, Inc*., No. 95 Civ. 2838(SHS), 1995 WL 489551, at *3 (S.D.N.Y. Aug. 15, 1995). In short, "the district court [generally] becomes involved, if necessary, only when it is clear that the case is going to trial." *Michaelesco v. Shefts*, 303 B.R. 249, 253 (D. Conn. 2004).

In the present case, defendants Trust and Debtor have expressed their desire to have a jury trial in district court but have failed to demonstrate any reason why this case should be withdrawn at this point. *See, e.g., McCord*, 316 B.R. at 126 (motion resting "primarily on [the] demand for a jury trial, and [the] lack of consent to a jury trial in the bankruptcy court . . . .[F]all[s] short of demonstrating cause" for withdrawal); *Times Circle East, Inc.*, 1995 WL 489551, at *3 (moving party "failed to show . . . how it would be prejudiced by having the bankruptcy court oversee pretrial matters and when, and if, the case becomes trial ready, removing the case to the district court").

Moreover, there are significant considerations of judicial economy which argue against granting such a motion at this stage in the proceedings, especially considering the fact that the

bankruptcy court has been handling matters related to the
Ellenhorn bankruptcy since April 2006 and the matters at issue in
this adversary proceeding are intimately connected with both
bankruptcy law in general and with that bankruptcy specifically.
First, discovery has already been ordered in this case by the
bankruptcy court and, although it was to have been completed by
August 4, 2006, the defendants have nowhere indicated that it has
indeed been completed.  As it appears that discovery is
continuing, it would be most efficient to leave the continued
management of that pre-trial process with the bankruptcy court.
Second, and more important, after a review of the pleadings it is
probable that one or more of the parties will file potentially
dispositive motions, which, if granted by the bankruptcy court,
will resolve this action without a trial and which at the very
least will require additional pre-trial decisions which are
within the competence and expertise of the bankruptcy court.[2]
Therefore, to withdraw the case at this point, when significant
pre-trial activity remains to be completed, is not in the

---

[2] In particular, Vanita Ellenhorn's pleadings on this matter include an
affirmative defense that the Quogue residence is no longer the property of the
Trust because of the Stipulation. A determination whether the judgement of
divorce incorporating the Stipulation violated the automatic stay provisions
of bankruptcy law (11 U.S.C. § 362) is within the expertise of the bankruptcy
court.  Debtor has also raised affirmative defenses which may have the same
dispositive effect including failure to state a claim, failure to name a
necessary party, and lack of subject matter jurisdiction.

interests of judicial economy.[3]


Given the core nature of the issues involved, the expertise and experience of the bankruptcy court in this matter, and the Court's strong interest in the efficient use of judicial resources, this case is not appropriate for withdrawal at this time.


## CONCLUSION


For the reasons set forth above, defendants' motion for withdrawal of reference is denied without prejudice, with leave to renew if and when the case is ready for trial.  The clerk is directed to furnish a copy of this opinion to all parties and to the bankruptcy judge.

     SO ORDERED.

Dated :   Brooklyn, New York
          August 23, 2006

               By: /s/ Charles P. Sifton (electronically signed)
                   United States District Judge

---

[3] Given these considerations of judicial economy, there is no need to evaluate whether the remedies requested are equitable or legal.  That issue may be determined if and when a future motion for withdrawal is made and the case is ready for trial. *In re Adelphi Institute, Inc.*, 112 B.R. 534, 538 (S.D.N.Y. 1990)